## William C. Van Gilder, Plaintiff in Error, v. John Kamper, Defendant in Error.

### Gen. No. 20,049.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed February 4, 1915.

### Statement of the Case.

Action by William C. Van Gilder against John Kamper to recover a real estate commission as broker. The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trial court refused to allow the case to go to the jury on an issue other than that of an account stated. From a judgment on a verdict in favor of defendant, plaintiff brings error.

Plaintiff's bill of particulars was as follows:

"Plaintiff's claim is for brokerage fees or commissions due the plaintiff from defendant for services rendered by plaintiff as a real estate broker in the matter of an exchange of certain real estate located in Clarke County, Mississippi, for real estate located in the City of Chicago, Cook County, Illinois, and resulting in the execution of a contract between defendant and George M. Lyle on July 15, 1905, and another written contract of September 16, 1905, between said Lyle and defendant relating to said real estate; and also resulting in the acquiring of said Chicago real estate by the defendant and in the procuring of a purchaser of said Mississippi real estate. Amount of commissions, $3,000. Interest on said $3,000.

"Plaintiff's claim is also for amount due on an account stated and an agreement made between plaintiff and defendant at Enterprise, Mississippi, about the month of April, 1906, by which it was agreed between plaintiff and defendant that defendant would pay plaintiff the sum of $1,800 within ten days, and the further sum of $1,200 when the said defendant should receive payment of $20,000 due defendant on certain real estate. Said payments amounting to $3,000 to be in settlement of the above mentioned claim for commissions."

Defendant filed a plea of nonassumpsit and a special plea setting up the ordinance of the city of Chicago requiring real estate brokers to be licensed, and averring that the plaintiff was not a licensed real estate broker at the time of the transactions mentioned in the declaration.

Plaintiff's license as a real estate broker expired April 30, 1905, and he failed to renew it until July 28, 1905. In July or August, 1904, defendant employed plaintiff to sell 6,000 acres of land located in Mississippi,

a contract dated July 15, 1905, was entered into between defendant and a third party to exchange the land for Chicago property. The contract, however, was never consummated, and both parties to the same, as well as the plaintiff, treated the contract as null and void. On September 16, 1905, the same parties in the absence of plaintiff entered into a second written contract to exchange the same properties. Defendant contended that the contract of September 16, 1905, was executed and consummated without the aid of the plaintiff and that plaintiff did not render any services to defendant after July 28, 1905. Plaintiff contended that the contract of September 16, 1905, was made and carried out as a result of his efforts after the renewal of his license on July 28, 1905. There was proof tending to support the theories of both parties.

CHARLES C. SPENCER, for plaintiff in error.

J. H. WESTOVER, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 193*—*impropriety of directed verdict if evidence to sustain recovery.* In an action for a real estate commission, where the evidence was conflicting, the court's refusal to allow the cause to go to the jury does not raise the question of preponderance of the evidence, but whether the jury could without acting unreasonably, in the eye of the law, find a verdict in favor of the theory of the plaintiff under the evidence.

2. BROKERS, § 89*—*sufficiency of evidence as to whether contract was covered by license.* Where plaintiff's theory of the evidence was that a contract for the exchange of properties dated prior to the renewal of his license as a real estate broker was treated by all parties as null and void and that after another license had been issued to him he renewed his efforts to procure an exchange of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

properties, inducing defendant to come from Mississippi to Chicago to negotiate another contract in regard to the same properties, and that the terms were agreed upon in plaintiff's office and that instead of returning to his office to close the deal, according to their understanding, defendant and the purchaser a few days later signed a written contract, in Michigan, for the purpose of avoiding the commission, under the terms of which contract the properties were transferred, *held* that it was error to refuse to allow the cause to go to the jury on plaintiff's theory.

3. BROKERS, § 90*—*evidence as to ability, of purchaser to perform.* In an action by a broker for a real estate commission, where although it appeared that a third party did not have title to property which he agreed to exchange for defendant's, there was evidence tending to prove that he had a right to demand that the property be deeded to himself or to any one whom he might designate, and he actually procured the delivery of the property to the defendant in exchange for the property mentioned in the contract as belonging to the defendant, evidence *held* to require submission to the jury the question whether such third party was ready, able and willing to carry out his part of the contract for the exchange of the properties.